**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**DAVID WARE**                                                                                     **PETITIONER**

**V.**                                 **NO. 1:20-CV-00028-MPM-RP**

**STATE OF MISSISSIPPI, and THE ATTORNEY GENERAL
OF THE STATE OF MISSISSIPPI, LYNN FITCH**               **RESPONDENTS**

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on the *pro se* petition of David Ware for a writ of habeas corpus under 28 U.S.C. §2254. The State has responded to the petition, and Ware has filed a reply. The matter is now ripe for resolution. For the reasons set forth below, the instant petition for a writ of habeas corpus will be dismissed under the doctrines of procedural default and procedural bar.

**Factual and Procedural Background**

Petitioner David Ware is currently in the custody of the Mississippi Department of Corrections and housed at the South Mississippi Correctional Institution in Leakesville, Mississippi. On January 23, 2018, Ware was convicted of the crime of sale of a controlled substance in the Circuit Court of Chickasaw County, Mississippi, and sentenced to a term of thirty (30) years, with ten (10) years suspended. Doc. #9-1.

Ware, through counsel, appealed, arguing that 1) the trial court erred by failing to follow the ameliorative provisions of Miss. Code Ann. § 41-29-149 in sentencing; and 2) the trial court erred in denying a cautionary jury instruction regarding the testimony of a confidential informant. Doc. #9-4. In addition to the appeal filed by counsel, Ware submitted a single-page *pro se* "appellants brief" in which no identifiable substantive issues were raised. *Id.* Finding no error,

on April 29, 2019, the Mississippi Court of Appeals affirmed Ware's conviction and sentence. *See* Doc. #9-5; *Ware v. State*, 2019 WL 1771810 (Miss. Ct. App. 2019), *reh'g denied*, Aug. 13, 2019, *cert. denied*, 249 So.3d 1086 (Miss. 2019).

Through counsel, Ware moved for rehearing of the court of appeals' decision, arguing again that the trial court erred in refusing a cautionary jury instruction on confidential informant testimony. Doc. #9-4. Ware also filed a *pro se* motion for rehearing in which he quoted and cited various legal authority, and asserted, in conclusory fashion, that the trial court had erred. *Id.* On August 13, 2019, the Mississippi Court of Appeals denied both motions for rehearing. Doc. #9-5.

Ware, through counsel and proceeding *pro se*, then sought certiorari review, which the Mississippi Supreme Court denied on October 17, 2019. Doc. #9-6. In the petition filed by counsel, Ware reiterated his argument regarding the trial court's refusal to give the cautionary jury instruction. *Id.* In Ware's *pro se* petition, much like his *pro se* motion for rehearing, Ware merely cited a number of legal principles and generally alleged that the trial court had erred. *Id.*

On December 9, 2019, Ware, proceeding *pro se*, filed an Application for Leave to Proceed in the Trial Court, along with his Motion for Post-Conviction Collateral Relief, in the Mississippi Supreme Court. Doc. #9-7. In his motion, Ware asserted identifiable claims of 1) improper indictment, and 2) denial of his right to testify in his own defense. *Id.* Ware's application was denied by Order of the Mississippi Supreme Court filed on December 19, 2019. *Id.* Within that order, the Mississippi Supreme Court found as follows:

> In this application, Ware contends that he is entitled to post-conviction collateral relief based upon: (1) an improper indictment, and (2) the alleged denial of "his right to testify in his own defense." After due consideration, the panel finds that (1) is waived and fails to meet any exception thereto. Regarding (2), the panel finds the claim is waived, and fails to meet any exceptions thereto, and/or lacks an arguable basis. Accordingly, the panel finds this application should be denied.

*Id.*

2

Ware filed the instant *pro se* petition for federal habeas corpus relief on February 13, 2020. Doc. #1. In the petition, Ware asserts the following grounds for relief (as summarized by the court):

Grounds One and Two: the indictment and amendments thereto were improper;

Ground Three: Ware was denied the right to testify in his own defense; and

Ground Four: Ware was incompetent at the time of the offense and/or to stand trial.

*Id.* On April 29, 2020, Respondents filed their response to Ware's petition, arguing that Ware's claims should be dismissed under the doctrines of procedural default and procedural bar. Doc. #8. Ware filed his reply on May 14, 2020. Doc. #10.

## The Doctrines of Procedural Default and Procedural Bar

If an inmate seeking habeas corpus relief fails to exhaust an issue in state court—and no more avenues exist to do so—under the doctrine of procedural default that issue cannot be raised in a federal habeas corpus proceeding. *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995). Similarly, "[w]hen a state court declines to hear a prisoner's federal claims because the prisoner failed to fulfill a state procedural requirement, federal habeas is generally barred if the state procedural rule is independent and adequate to support the judgment." *Sayre v. Anderson,* 238 F.3d 631, 634 (5th Cir. 2001) (citations omitted). This doctrine is known as procedural bar.

## Cause and Prejudice—and Fundamental Miscarriage of Justice—
## As Ways to Overcome Procedural Default and Bar

Whether a petitioner's claims are procedurally defaulted or procedurally barred, the ways he may overcome the barriers remain the same. First, the petitioner can overcome the procedural default or bar by showing cause for it—and actual prejudice from its application. *United States v. Flores*, 981 F.2d 231 (5th Cir. 1993). For a finding of cause, "there must be something *external* to the petitioner, something that cannot be fairly be attributed to him" which prevented him from

3

raising and discussing the claims as grounds for relief in state court. *Coleman v. Thompson*, 501 U.S. 722, 753 (1991)(emphasis in original). To establish prejudice, a petitioner must show that, but for the alleged error, the outcome of the proceeding would have been different. *Pickney v. Cain*, 337 F.3d 542 (5th Cir. 2003).

Even if a petitioner cannot meet the cause and prejudice standard, he may still overcome the procedural default or bar if he can show that a fundamental miscarriage of justice would result if the default or bar were applied. *Martin v. Maxey*, 98 F.3d 844, 849 (5th Cir. 1996) (citations omitted). To show that such a miscarriage of justice would occur, a petitioner must prove "as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (citations omitted). Further, he must support his allegations with new, reliable evidence, that was not presented at trial, and must show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 644 (citations omitted).

### Ground Four: Procedural Default

The Court first considers Respondents' argument that Ware has procedurally defaulted his claims in Ground Four regarding competency by failing to present such claim to the State courts for review. "Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief." *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). To satisfy this requirement, a federal habeas petitioner must generally present his claims to the state's highest court in a procedurally proper manner and provide that court with a fair opportunity to pass upon the claims. *See O' Sullivan v. Boerckel*, 526 U.S. 838 (1999). Here, Ware did not present the claims presented in Ground Four—that he was incompetent at the time of the offense and lacked competency to stand trial—to the Mississippi Supreme Court, thereby

forfeiting his opportunity to have the claims reviewed on their merits. As Ware did not raise these claims in either his direct appeal or in his motion for post-conviction collateral relief, he no longer has an available state avenue through which to properly present these claims. As such, Ware has defaulted these claims and they are procedurally barred from federal habeas review. *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001) ("If a petitioner fails to exhaust state remedies, but the court to which he would be required to return to meet the exhaustion requirement would now find the claims procedurally barred, then there has been a procedural default for purposes of federal habeas corpus relief."); *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995) (holding that when "it is obvious that the unexhausted claim would be procedurally barred in state court, we will forego the needless 'judicial ping-pong' and hold the claim procedurally barred from habeas review").

Thus, in order to obtain habeas review of his defaulted claims, Ware must demonstrate cause for the default and actual prejudice as a result, or that a failure to consider the claim would result in a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 750. Ware has not demonstrated—or even alleged—what might be cause for his failure to raise his claims regarding competency on direct appeal or during post-conviction proceedings. Because he has failed to demonstrate cause, the Court need not question whether there is prejudice. *See Martin*, 98 F.3d at 849. Moreover, there has been no showing that failure to consider these claims would result in a fundamental miscarriage of justice. Ware has not alleged, much less proven, that, as a factual matter, he did not commit the crime of conviction, nor has he identified any new, reliable evidence to support his claims. *See Fairman*, 188 F.3d at 644. Accordingly, the allegations contained in Ground Four are not cognizable for federal habeas review.

## Grounds One, Two, and Three: Procedural Bar

Ware's claims of improper indictment and the denial of his right to testify in his own defense presented in Grounds One, Two and Three were held procedurally barred by the Mississippi Supreme Court on post-conviction review, as they were capable of being presented on direct appeal. In its Order denying Ware's motion for post-conviction collateral relief, the Mississippi Supreme Court found these claims to be waived under Miss. Code Ann. § 99-39-21(1).[1] "When a state court declines to hear a prisoner's federal claims because the prisoner failed to fulfill a state procedural requirement, federal *habeas* is generally barred if the state procedural rule is independent and adequate to support the judgment." *Sayre*, 238 F.3d at 634. The Fifth Circuit has held Section 99-39-21(1) to be an independent state procedural bar. *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997). The adequacy of the bar applied to Petitioner's claims depends on "whether Mississippi has strictly or regularly applied it." *Id.* (citation omitted). Petitioner, however, bears "the burden of showing that the state did not strictly or regularly follow a procedural bar around the time of his appeal" and "must demonstrate that the state has failed to apply the procedural bar to claims identical or similar to those raised by the petitioner himself." *Id.*

Ware has not carried his burden of proof and shown an "inconsistent and irregular" application of the bar. *See Stokes*, 123 F.3d at 861. He has, therefore, defaulted these claims pursuant to an independent and adequate state procedural rule. Thus, the Court may review the merits of these claims only if Ware can show cause and actual prejudice, or that a fundamental miscarriage of justice would result from the Court's failure to consider the claims. *See Coleman*,

---

[1] Section 99-39-21(1) of the Mississippi Code reads: "Failure by a prisoner to raise objections, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial and/or on direct appeal, regardless of whether such are based on the laws and the Constitution of the state of Mississippi or of the United States, shall constitute a waiver thereof and shall be procedurally barred, but the court may upon a showing of cause and actual prejudice grant relief from the waiver."

501 U.S. at 750. Ware has not identified any external action which prevented him from presenting his claims of improper indictment or denial of his right to testify in his own defense on direct appeal. *See id.* Nor has he demonstrated any actual prejudice as a result of the imposition of this bar. Moreover, Ware has not presented any new, reliable evidence that would show that, "more likely than not [] no reasonable juror would have convicted him in light of the new evidence."[2] *See Fairman*, 188 F.3d at 644. Accordingly, the claims asserted in Grounds One, Two and Three are procedurally barred from federal habeas review.

## Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing § 2254 Proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability ("COA") upon the entry of a final order adverse to the petitioner, and Ware must obtain a COA before appealing this Court's decision denying federal habeas relief. 28 U.S.C. § 2253(c)(1). Because his petition for writ of habeas corpus is rejected on procedural grounds, Ware must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying this standard, the Court concludes that a COA should not issue in this case.

## Conclusion

For the reasons set forth above, the instant petition for a writ of habeas corpus will be **DISMISSED** with prejudice under the doctrines of procedural default and procedural bar. The Court further **DENIES** a certificate of appealability. A separate judgment in accordance with this opinion and order will enter this day.

---

[2] In fact, Ware has not presented this Court with any new evidence whatsoever.

**SO ORDERED**, this the 27th day of May, 2020.

/s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**